IN THE MATTER OF THE PETITION OF THE UNITED STATES FOR THE APPOINTMENT OF COMMISSIONERS, PURSUANT TO CHAPTER ONE HUNDRED AND FORTY-SEVEN OF THE LAWS OF THE STATE OF NEW YORK, AS AMENDED BY CHAPTER THREE HUNDRED AND FORTY-FIVE OF THE LAWS OF EIGHTEEN HUNDRED AND SEVENTY-NINE.

*Proceedings to acquire title to land for a public improvement — when the expenses of the petitioner are to be included in the assessment —* 1876, *chap.* 147; 1879, *chap.* 345.

Pending an application to congress for an appropriation for the survey and improvement of the Harlem river, chapter 147 of 1876 was passed by the legislature of this State; this act authorized the engineer in charge of the improvements for the United States, and any other authorized agent of the United States, to take the necessary proceedings to acquire the right of way. The provisions of the act were similar to those of the general railroad act, but contained no provision for the payment for the lands to be taken or for the expenses of the proceedings. In 1878 and 1879 acts were passed by congress appropriating money for the said improvement, but expressly declaring that the appropriations should not be available until the right of way was secured to the United States free of cost.

Chapter 345 of 1879 was passed by the State legislature and provided for the appointment of commissioners to estimate and assess the damages to be occasioned by the improvement, and establish an area of real estate "upon which the amount necessary to pay the *awards and expenses of such proceedings* shall be assessed," and directed that there should be paid from the moneys to be collected from such assessment "*the necessary expenses* of the several proceedings under this act, to be certified by one of the justices of the Supreme Court for the first judicial district."

*Held*, that under the said act the United States engineer in charge of the improvement was entitled to select and appoint such attorney and counsel as he might deem fit to institute the necessary proceedings.

That he was not required to select such attorney from the salaried attorneys of the United States government.

That the expenses arising from the employment of the attorney so selected by him should be taxed by a justice of the Supreme Court and included in the assessment to be made by the commissioners. (DAVIS, P. J., dissenting.)

APPEAL from an order denying the application of Messrs. Lyon & Ogden for counsel fees in conducting this proceeding.

*Joseph H. Choate* and *Thomas L. Ogden*, for the appellants and petitioners.

*John C. Shaw, Franklin Bartlett, J. M. Martin* and *Fordham Morris*, for the respondents, property owners.

BRADY, J.:

It appears that in 1878 an appropriation was made by congress for the survey of the Harlem river and Spuyten Duyvil creek, with the view to their improvement by a canal between the North and East rivers. General Newton, who seems to have been authorized so to do, made a survey of the *locus in quo* and reported the practicability of the work at a cost of something less than $2,000,000. It also appears that whilst an application to congress was pending for an appropriation to commence the work, the legislature of this State, by chapter 147 of the Laws of 1876, authorized the government of the United States, upon the petition of the engineer in charge of the improvement, namely, General Newton, to take proceedings to procure the right of way. The sections of this act are substantially the same as the general railroad act, making no provision, however, for the payment of awards for the lands to be taken or for expenses. It is supposed that this feature of the act resulted from the expectation that the necessary expenditures would be provided for by proper congressional action. This was not done, however, and was not in contemplation, inasmuch as in the first appropriation made for the work, in 1878, it was expressly declared that the appropriation was not to be available until the right of way for the work was secured to the United States free of cost, and the second appropriation, made in 1879, contained the same condition. (See Harbor Improvement Acts of 1878 and 1879, chap. 264 of the Statutes at Large of the United States of the year 1878,

p. 158; and chap. 181 of the year 1879, p. 372.) The effect of this declaration was to make it necessary, in order to complete the design of the survey, to procure a grant to the United States of the right of way free of cost, and, therefore, the legislature by chapter 345 of the Laws of 1879, passed an act providing for the appointment of commissioners of estimate and assessment. And by section 3 they were directed to establish the area of real estate " upon which the amount necessary to pay the *awards and expenses of such proceedings* shall be assessed by them," and by section 5 to pay from the moneys to be collected upon such assessment "*the necessary expenses* of the several proceedings under this act, to be certified by one of the justices of the Supreme Court for the first judicial district."

By the act of 1876 (*supra*), as we have seen, it was provided that the United States, upon the petition of the engineer in charge, should initiate the proceeding to procure the right of way. This was done. The commissioners were appointed and a report made. Subsequently, and in April, 1883, the commissioner's bill of costs and expenses in the matter was presented by Samuel E. Lyon and Thomas L. Ogden to Judge BARRETT, sitting in chambers, for taxation and certification under the provisions of the act of 1879 (*supra*). The learned justice referred the same to the Hon. William Mitchell for his report, excepting, however, therefrom, the charges of the attorney and counsel who conducted the proceedings, Justice BARRETT deciding that under the acts relating to the subject they were not entitled to any compensation from the fund. Whether they were or not is the question presented upon this appeal.

Some of the respondents, who are owners of land affected by the improvement, not only do not oppose the taxation of the costs and counsel fees, but think it should be allowed, while others strenuously object to any such allowance. No provision is made in the act of 1876, or the amendments thereto, declaring that the proceeding shall be conducted by any law officer, either State or Federal; indeed, there is no suggestion in the acts on that subject. It is merely provided, as we have already seen, that the application of the United States may be upon the petition of the engineer in charge of the improvement.

By the act of 1879, to which reference has already been made,

the chief object was to secure the benefit of the congressional appropriation for the benefit of the Harlem river improvement and Spuyten Duyvil creek. It is provided by section five, amending section three of the act of 1876, that commissioners of estimate and assessment shall be appointed, and that the amount to be assessed upon the real estate in front of and benefited by such improvement, which the commissioners should establish as the area of real estate upon which the amount necessary to pay the awards and expenses of such proceeding, shall be assessed by them. And by section six, amending section five of the original act, it is provided that from the moneys collected, the commissioners shall pay the necessary expenses of the several proceedings under the act, to be certified by one of the justices of the Supreme Court for the first judicial district. And it seems to be deducible from this legislation that the intention of the legislature was to relieve the United States from all expenditures; and this intention was further declared by chapters 65 of the Laws of 1880 and 61 of the Laws of 1881, the former providing for the issue of $50,000 in city bonds, in anticipation of the collection of the assessments growing out of the contemplated improvement, and directing the payment of such assessments to the comptroller, who from the fund so constituted should pay the awards for the land taken, and the expenses, charges and disbursements of the proceedings taken under the several acts, as taxed and certified by a justice of the Supreme Court. The provisions of the act of 1881 are substantially the same.

The learned justice in the court below rejected the item of costs and counsel fee, as the opinion is understood, for the reasons, first, that one of the salaried attorneys for the government should have been selected to conduct the proceedings, and that it could not successfully be asserted that the legislature meant to permit an engineer of the federal government to select such attorney and counsel as he might deem fit, and to employ him at the expense of the property owners. The learned justice deemed it his duty to state that the services rendered by the attorney and counsel had undoubtedly been valuable, and that they should have been compensated therefor by those who employed them, but he said that what he felt constrained to hold was, that such services could not, under the act, be charged upon the property owners.

. The act of 1879 was a special act in reference to a special subject; that is to say, it related to the improvement of Harlem river and Spuyten Duyvil creek, and was founded upon congressional action on the subject, and by which appropriations for that purpose were made. The acquisition of the right of way necessary to carry out the object contemplated was one which necessarily would be attended by expense, no part of which the federal government was willing to pay, and the act of 1879 made special provision for it, several acts of the legislature relating to the subject having been passed. By the act of 1876 the United States, through the engineer in charge of the work, was to present the petition, and he selected the attorney and counsel who conducted the proceeding to acquire the right of way. It is to be presumed that proper notice was given and that the authorities were informed of the proceeding thus commenced, and that it was not conducted by any salaried officer of the United States or by the corporation counsel of this city. As we have seen, there was an omission in these acts of the designation of the person by whom the proceedings were to be conducted, the only provision being that they should be initiated by the engineer having charge of the work. It does not seem to be a just presumption that he knew of the existence of any officers, federal, State or municipal, whose duty it might become to conduct the proceedings without charge, assuming that there was such an officer. There was no attempt by the engineer to incur any expense on the part of the United States, and, therefore, the provisions of the Revised Statutes of the United States declaring that no compensation should therefore be allowed to any person besides the respective district attorneys and assistant district attorneys for services as an attorney and counselor to the United States, or to any branch or department of the government thereof, except in special cases, etc., provided by law, have no application further than, it would seem, to strengthen the propriety of allowing the charge of attorney and counsel fees of the gentlemen who conducted the proceeding on the petition of the engineer in charge.

The employment of counsel was undoubtedly necessary to perfect the right of way, and inasmuch as the statutes relating to that particular subject are silent as to who should act in that capacity, but comprehensive and clear in providing for the expense of the

entire proceeding, and the counsel selected having rendered valuable services, there seems to be no good reason why the rejected item should not be included. If the statutes relating to the subject were such that the only inference to be drawn from the language employed was that some salaried officer should be employed for the purpose of conducting the proceedings, the views herein expressed would not be entertained. The whole subject seems to have been placed within the control of the engineer in charge, who is named in the act of 1876 as the person to institute the proceeding to acquire the right of way, and this would seem to invest him with power to do all that was necessary to accomplish the object in view. It was provided, for example, that he should present the petition on the part of the United States, and with the understanding that the United States was not to be subjected to any expense which might be incurred by that performance, and it is not disputed that the services of an attorney and counselor at law were necessary to aid him. It would seem to follow as a natural and necessary legal sequence, there being no instruction or restriction upon that particular element of the matter, that he could select such persons as he choose to assist him professionally.

For these reasons it is thought that the order of the court below in excluding the item of charges for attorney and counsel fees was erroneous, and that that part of it should, therefore, be reversed and an order made directing that the item be included in the order of reference.

DAVIS, P. J. :

I do not concur in the conclusion of my brethren. The proceeding was required to be and was taken in the name of the United States, by an officer of that government who was authorized to institute and conduct the same. It is an established rule that no officer of the United States government can employ an attorney to appear in its name in any legal proceeding without express authority from some superior officer who is vested by law with power to authorize an appearance on behalf of the government. It is not shown that the United States Attorney, or the United States attorney for the district, gave any authority to the engineer

to employ the attorneys, or that either they or the Secretary of the Treasury consented to their appearance.

The court at Special Term, I think, was correct in holding that the charges for counsel and attorneys' fees should, under the circumstances, be excluded.

I therefore dissent.

Present — Davis, P. J., Brady and Daniels, JJ.

Order reversed and order entered as directed in opinion.